## THIRD DEPARTMENT, SEPTEMBER, 1969

## (September 11, 1969)

In the Matter of the Claim of DORTHA MINER, Respondent, v. CHRYSLER CORPORATION et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— GIBSON, P. J. Appeal from an award of death benefits in a heart case, appellants contesting the finding of industrial accident. After 10 years' employment as a setup man in appellant employer's gear manufacturing plant in the United States, decedent was sent to Argentina to assist in the installation of gear grinding machines in the employer's Buenos Aires plant. The work involved, among other things, the leveling of machines, weighing between 1,000 pounds and 12 tons, by setting leveling screws with a wrench or hand crank. Decedent was obliged to work on his knees to adjust the screws, to rise to check the levels and in each instance to return to the screw should further adjustment be required. He also had to lift and move machine parts weighing between 3 and 20 pounds. Although this work, which was that to which decedent was primarily assigned, might seem sufficiently strenuous to support the board's findings "that the work activities of the deceased were strenuous and arduous and beyond the ordinary wear and tear of life", the circumstance that deliveries of the gear grinding machines were behind schedule resulted in decedent's being assigned also to the substantially more arduous work of leveling engine or motor block machines, to which most of his time in Buenos Aires was devoted. These machines were larger than those he was accustomed to work on, weighing from 12 to 16 tons, and the task of leveling them required the use of heavy wrenches ranging in length from 12 to 36 inches, to which was sometimes added a length of pipe to obtain increased leverage. Decedent's wife testified that decedent told her that the work was much harder, more difficult, and that "he would be glad when he could get back to transmissions, the motor line was too strenuous." Claimant's cardiologist testified that the work on the last day of decedent's life, with the contributory effect of his prior "continuous strenuous physical efforts", led to an acute coronary injury, presumably in the afternoon of that day, "in the nature of a crack in an arteriosclerotic plaque and was the cause of an acute occlusion a few hours later" and of his death at that time. Although initially denying causal relationship, appellants' medical expert conceded that the work factors involved "may have" accelerated the progress of decedent's underlying coronary artery disease. In the light of this record and of the board's findings thereon, appellants' argument respecting occupational disease is irrelevant, as is their discussion of emotional stress. Appellants seem, also, to misread the record in attributing to claimant's expert an opinion of causality predicated solely on the work effort exerted on the last day of decedent's life, and to overlook the witness' previously quoted reference to the contributory effect of decedent's continuous strenuous work effort prior to that day. The record presents no more than issues of fact which the board resolved upon substantial evidence and in accordance with well-recognized authority. (See, e.g., *Matter*

of *Carrasquillo* v. *Santini Bros.*, 13 N Y 2d 245; *Matter of Bombala* v. *Lark Mfg. Co.*, 32 A D 2d 593, mot. for lv. to app. den. 25 N Y 2d 737; *Matter of Stewart* v. *Allegheny Ludlum Steel Corp.*, 31 A D 2d 875, mot. for lv. to app. den. 24 N Y 2d 740.) Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds, Aulisi and Greenblott, JJ., concur in memorandum by Gibson, P. J.